United States District Court
District of Massachusetts

```
                              )
Debra Sierra et. al.,         )
                              )
          Plaintiffs,         )
                              )
          v.                  )        Civil Action No.
                              )        21-12116-NMG
Covidien LP et al.,           )
                              )
          Defendants.         )
                              )
                              )
```

MEMORANDUM & ORDER

GORTON, J.

Pending before this Court is a motion brought by plaintiffs Debra and Albino Sierra ("plaintiffs" or "the Sierras") (Docket No. 76) to consolidate purportedly related actions. This is the second time that plaintiffs have moved to consolidate these actions (Docket Nos. 18, 19, 32) and for the second time they will be denied.

I.    **Background**

Plaintiffs filed suit against defendants Covidien LP, Covidien Sales LLC, Covidien Holding Inc. and Medtronic, Inc. (collectively "defendants") in December, 2021. They allege that plaintiff Debra Sierra was injured by a surgical stapler designed, manufactured and marketed by defendants and assert

-1-

claims for product liability, failure to warn, negligence and loss of consortium.   The case was initially assigned to United States District Judge Mark Wolf.

In July, 2023, plaintiffs filed a motion to consolidate related actions for pre-trial discovery and case management pursuant to Fed. R. Civ. P. 42(a) (Docket No. 18).   Plaintiffs specifically sought to consolidate five cases that purportedly were related:

> 1) Sierra et. al. v. Covidien LP, et al, Case No. 21-cv-12116-MLW;
> 2) Corrigan et. al., v. Covidien LP, et al., Case No. 22-cv-10220-DJC;
> 3) Hunt v. Covidien LP et al., Case No. 22-cv-10697-RGS;
> 4) Holden et. al. v. Covidien LP, et al., Case No. 22-cv-11184-RWZ; and
> 5) Bell v. Covidien LP, et al., Case No. 22-cv-11465-FDS.[1]

Plaintiffs contended that the five actions should be consolidated because they all involve the same defendants and the design, manufacturing and marketing of Covidien surgical staplers.

In August, 2023, Judge Wolf denied the initial motion to consolidate because plaintiffs did not designate the identified cases as related pursuant to Local Rule 40.1(g)(5) even though

---

[1] The Holden case has since been reassigned to United States District Judge Patti B. Saris and the Bell case to United States District Judge Myong J. Joun.

the same plaintiff's counsel filed all five cases (Docket Nos. 32, 36). Judge Wolf further noted that different sessions of the United States District Court for the District of Massachusetts had already decided certain legal issues differently in the cases. For example, a manufacturing defect claim had been dismissed in Bell and Sierra but survived in Holden and Hunt. Judge Wolf finally noted that to consolidate, he would need the consent of all of the assigned judges pursuant to Local Rule 40.1(g)(9), which was problematic.

In April, 2024, plaintiffs filed another motion to consolidate related actions for pre-trial discovery and case management (Docket No. 76). This time, plaintiffs seek to consolidate only three of the five previously identified actions: Sierra, Holden and Bell.

## II. Analysis

A court may consolidate actions if they involve common questions of law or fact. Fed. R. Civ. P. 42(a). While the named defendants in all three actions are the same and the cases share some factual and legal overlap, consolidation is not warranted for all pre-trial discovery and case management.

First, Judge Wolf has already denied a nearly identical motion to consolidate in this case. Plaintiffs contend that they now seek a "more targeted consolidation" but the only

-3-

meaningful difference between their prior and current requests appears to be that they now seek to consolidate three cases rather than five.  The Court is disinclined to second-guess the earlier analysis of Judge Wolf.  As he noted, counsel for plaintiffs should have designated the cases as related when they were originally filed. See Local Rules of the United States District Court for the District of Massachusetts 40.1(g)(5)(C) ("Unless good cause is shown, designation of relatedness by plaintiff . . . shall be made at the time of the filing of the initial pleading.").  If plaintiffs seek to change that designation, they need to obtain the consent of the other sessions involved pursuant to Local Rule 40.1(g)(9).

Second, consolidation for discovery-related purposes no longer makes sense given that fact discovery is complete in Bell but remains ongoing in Holden and this matter.  Each case has a distinct timeline for expert discovery and dispositive motions that could be disrupted by consolidation.

Finally, while the counts in the original complaints of the three cases are similar, other claims differ.  Select counts have been put aside in all three cases following rulings on motions to dismiss and the filing of an amended complaint in Holden.  The divergent theories of liability will inevitably require different discovery.

-4-

Plaintiffs may renew their motion if they identify a specific discovery-related issue for which consolidation makes sense. See Third Degree Films v. Does 1-47, 286 F.R.D. 188, 197 (D. Mass. 2012) (noting a court retains discretion "to consolidate . . . for some portion of the process").

### ORDER

For the foregoing reasons, plaintiffs' motion to consolidate actions (Docket No. 76) is **DENIED** without prejudice.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: June 21, 2024